**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CHRISTOPHER GALLAGHER,                                         PETITIONER
ADC #156002

v.                                    5:16CV00113-BSM-JJV

WENDY KELLEY,[1] Director,
Arkansas Department of Correction                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief

Judge Brian S. Miller. Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis

for the objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen days

from the date of the findings and recommendations.  The copy will be furnished to the

opposing party.  Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

---

[1]The Petition named Toni Bradley as the Respondent, but Rule 2 of the Rules
Governing Section 2254 Cases in the United States District Courts states, "If the petitioner
is currently in custody under a state-court judgment, the petition must name as respondent
the state officer who has custody."  Therefore, Wendy Kelley should be listed as the
Respondent in this case.

or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    PROCEDURAL HISTORY

On October 2, 2013, Petitioner, Christopher Gallagher, pleaded guilty to three counts of delivery of methamphetamine.  (Doc. No. 8 at 8-10.)  He was sentenced to a concurrent sentence of sixty months' imprisonment.  (*Id.*)  Being a resident of New York, and after serving seventeen months of his sentence, he was granted out-of-state parole on March 17, 2015.  (Doc. No. 2.)  He requested to be paroled to his girlfriend's residence - a request his New York parole officers denied.  (*Id.*)  He remained in the Arkansas Department of

Correction until June 2015, but went back before the parole board and was approved for transfer to Arkansas Department of Community Correction (ACC) Supervision "subject to approval of suitable plan." (Doc. No. 2 at 14.) Mr. Gallagher tried, to no avail, to find a suitable transitional facility. Although he found facilities willing to accept him, the Parole Board did not find the facilities suitable because of the high fees required. (*Id.* at 16, 19, 24.)

On April 12, 2016, Mr. Gallagher filed the current Petition asking the Court to grant him (1) "equal treatment and funding granted for transitional housing;" (2) release to one of the home plans previously denied for discriminatory reasons; and (3) immediate release to one of these options. (*Id.* at 8.) Wendy Kelley has responded (Doc. No. 8), Mr. Gallagher has replied (Doc. No. 9), and this case is ripe for decision.

## II.    ANALYSIS

Mr. Gallagher puts forward a novel argument that the Parole Board is discriminating against him. (Doc. No. 2.) Specifically, he argues the "(A.R.O.R.A.) Arkansas Risk Assessment, Act 1190 Recidivist act [sic] [d]iscriminates against [him] and violates [his] rights to equal protection under the rehabilitation [a]ct, and the (A.D.A) Americans with Disabilities Act." (*Id.* at 5.) He clarifies that his "writ isn't about being denied home plans so much as it is about the reason those plans are denied . . ." (Doc. No. 9 at 1.) He adds that the risk assessment "score levels are preventing [him] from equal protection and discriminating against [him] as a person who[] legally falls under the umbrella of the [A.D.A.]" (*Id.* at 1-2.)

Although I am sympathetic to Mr. Gallagher's plight, a federal habeas petition is not

the avenue to challenge discrimination.  "The writ of habeas corpus shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . ." 28 U.S.C. § 2241(c)(3).  Mr. Gallagher's complaint that the Parole Board or the Arkansas statutes are discriminating against him are generally not cognizable habeas claims, and I am unable to issue a writ of habeas corpus on these claims.

Additionally, I find Respondent has provided sufficient reasoning to explain why Mr. Gallagher's parole was denied.  So, even considering the merits of the instant Petition, there is no basis for relief.

In reading Mr. Gallagher's Petition liberally, he implies he has a constitutional right to be paroled.  He states, "The State of Arkansas has created a liberty interest when they granted me parole."  (Doc. No. 2 at 6.)  However, long-standing precedent concludes there is no liberty interest in discretionary parole decisions. *Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011); *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (per curiam) (inmate does not have constitutionally protected liberty interest in possibility of parole); *Sandin v. Connor*, 515 U.S. 472, 487 (1995) (possibility of early release is not a liberty interest). Specifically, the United States Court of Appeals for the Eighth Circuit has held that Arkansas parole statutes do not create a liberty interest. *Parker v. Corrothers*, 750 F.2d 653, 655 (8th Cir. 1984).

The Arkansas statutes provide broad discretion to the Parole Board, the Board of Corrections, the ADC, and the ACC.  Arkansas statutes addressing inmate transfer to the ACC state that "[u]pon commitment of an eligible offender to the Department of Correction,

the Department of Correction will transfer the eligible offender to a community correction program, when he or she reaches his or her transfer date, in accordance with the rules and regulations promulgated by the Board of Corrections and conditions set by the Parole Board." Ark. Code Ann. § 16-93-1208(a)(1)(A).   One of these conditions is all release plans to transitional facilities must be approved by the Arkansas Parole Board.  The Parole Board is given discretion to decide when or if Mr. Gallagher has a "suitable plan" for release.  (Doc. No. 2 at 14.)  It is understandable that Mr. Gallagher is frustrated with the process, but there is no liberty interest in parole.  And the Parole Board's decision to deny Mr. Gallagher's transitional plan does not result in a constitutional violation.  Therefore, his Petition must be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   Mr. Gallagher has failed to make a showing that his constitutional rights were violated. Therefore, a certificate of appealability should not be issued.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Clerk of Court will amend the docket to show Wendy Kelley is the

Respondent.

      2.     Mr. Gallagher's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and the request relief be denied.  A certificate of appealability should be denied.

      DATED this 26th day of September, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE